Case Nos.
12-55396, 12-56117

---

# In the United States Court of Appeals
# for the Ninth Circuit

---

U.S. ex rel. Steven J. Hartpence
Plaintiff Appellant,

v.

Kinetic Concepts, Inc., et al.
Defendants Appellees

U.S. ex rel. Geraldine Godecke
Plaintiff Appellant,

v.

Kinetic Concepts, Inc., et al.
Defendants Appellees

---

Appeal from the United States District Court
for the Central District of California,
D.C. No. 08-cv-01885-GHK-AGR
D.C. No. 08-cv-06403-GHK-AGR

The Honorable George H. King, United States District Judge

---

### CONSOLIDATED SUPPLEMENTAL BRIEF OF APPELLEES
### KINETIC CONCEPTS, INC. and KCI USA, INC.

Matthew E. Sloan
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Ave., Suite 3400
Los Angeles, CA 90071
Tel: (213) 687-5000 / Fax: (213) 687-5600

Gregory M. Luce
Maya P. Florence
Colin V. Ram
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Tel: (202) 371-7000 / Fax: (202) 393-5760

*Attorneys for Appellees Kinetic Concepts, Inc. and KCI USA, Inc.*

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................1

SUMMARY OF ARGUMENT .....................................................................1

ARGUMENT ............................................................................................4

I.     THERE IS NO CONFLICT WARRANTING EN BANC REVIEW IN THIS CASE ....................................................................................4

II.    THIS CASE DOES NOT PRESENT A QUESTION OF "EXCEPTIONAL IMPORTANCE" ...................................................10

      A.    The Hand-In-The-Public-Disclosure Requirement Is Obsolescent .................................................................................11

      B.    Relators' Complaints Are Subject To Dismissal Regardless Of The Hand-In-The-Public-Disclosure Standard .....................12

CONCLUSION ........................................................................................14

# TABLE OF AUTHORITIES

**CASES**                                               **PAGE(S)**

*A-1 Ambulance Service, Inc. v. California*,
  202 F.3d 1238 (9th Cir. 2000) ........................................................4

*Amphastar Pharmaceuticals Inc. v. Aventis Pharma SA, et al.*,
  No. EDCV–09–0023 MJG,
  2012 WL 5512466 (C.D. Cal. Nov. 14, 2012) ...............................10

*Ferguson v. Corinthian Colleges, Inc.*,
  733 F.3d 928 (9th Cir. 2013) ......................................................5, 6

*Hart v. Massanari*,
  266 F.3d 1155 (9th Cir. 2001) .....................................2, 10, 12, 14

*Prather v. AT & T Inc.*,
  996 F. Supp. 2d 861 (N.D. Cal. 2013)...........................................8

*Rockwell International v. United States*,
  549 U.S. 457 (2007)..............................................................2, 6, 8

*Safe Air for Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir. 2004) ....................................................13

*Savage v. Glendale Union High School*,
  343 F.3d 1036 (9th Cir. 2003) ....................................................12

*Schindler Elevator Corporation v. United States ex rel. Kirk*,
  131 S. Ct. 1885 (2011)........................................................2, 6, 7

*Shalala v. Illinois Council on Long Term Care, Inc.*,
  529 U.S. 1 (2000).........................................................................2

*United States v. American-Foreign Steamship Corp.*,
  363 U.S. 685 (1960)......................................................................1

*United States v. Anchor Mortgage Corp.*,
  711 F.3d 745 (7th Cir. 2013) .......................................................7

*United States ex rel. Associates Against Outlier Fraud v. Huron Consulting Group, Inc.*,
  843 F. Supp. 2d 464 (S.D.N.Y. 2012), *aff'd*,
  567 F. App'x 44 (2d Cir. 2014) ....................................................................9

*United States ex rel. Barajas v. Northrop Corp.*,
  5 F.3d 407 (9th Cir. 1993) ..........................................................................9

*United States ex rel. Cohen v. City of Palmer, Alaska*,
  No. 3:11-cv-00199-SLG,
  2013 WL 4510772 (D. Alaska Aug. 26, 2013) ...........................................11

*United States ex rel. Davis v. District of Columbia*,
  679 F.3d 832 (D.C. Cir. 2012)....................................................................9

*United States ex rel. Findley v. FPC-Boron Employees' Club*,
  105 F.3d 675 (D.C. Cir. 1997)....................................................................8

*United States ex rel. Green v. Service Contract Education and Training Trust Fund, et al.*,
  843 F. Supp. 2d 20 (D.D.C. 2012)..............................................................9

*United States ex rel. Grynberg v. Praxair, Inc.*,
  389 F.3d 1038 (10th Cir. 2004) ................................................................13

*United States ex rel. Hoggett v. University of Phoenix*,
  No. 2:10-cv-02478-MCE-KJ,
  2014 WL 3689764 (E.D. Cal. July 24, 2014)..............................................7

*United States ex rel. Laird v. Lockheed Martin Engineering & Science Services Co.*,
  336 F.3d 346 (5th Cir. 2003) ......................................................................8

*United States ex rel. Mateski v. Raytheon Co.*,
  No. 2:06-cv-3614-ODW (FMOx),
  2013 WL 692798 (C.D. Cal. Feb. 26, 2013) ............................................7, 8

*United States ex rel. McKenzie v. Bellsouth Telecommunications, Inc.*,
  123 F.3d 935 (6th Cir. 1997) ......................................................................8

*United States ex rel. Meyer v. Horizon Health Corp.*,
  565 F.3d 1195 (9th Cir. 2009) .......................................................3, 4, 5, 7, 12

iii

*United States ex rel. Minnesota Association of Nurse Anesthetists v. Allina Health System Corp.*,
   276 F.3d 1032 (8th Cir. 2002) .....................................................................8

*United States ex rel. Siller v. Becton Dickinson & Co.*,
   21 F.3d 1339 (4th Cir. 1994) .......................................................................8

*United States ex rel. Wang v. FMC Corp.*,
   975 F.2d 1412 (9th Cir. 1992) ...........................................................2, 3, 5, 9

**STATUTES**

31 U.S.C. § 3730(e)(4) (1986) ...........................................................*passim*

31 U.S.C. § 3730(e)(4) (2010) .............................................................11

**RULES**

Fed. R. App. P. 35(a) ........................................................................1, 11

9th Cir. R. 35-1 ...............................................................................1, 10

**INTRODUCTION**

Pursuant to this Court's September 11, 2014 order directing the parties to submit supplemental briefing on whether these consolidated cases should be heard en banc, Appellees Kinetic Concepts, Inc. and KCI USA, Inc. (collectively, "KCI") respectfully submit that rehearing en banc is not necessary to resolve Relators' appeals from the District Court orders dismissing their False Claims Act ("FCA") complaints. There is no conflict between the Supreme Court's rulings on the jurisdictional standing requirements of the FCA and this Circuit's precedent.

**SUMMARY OF ARGUMENT**

"En banc courts are the exception, not the rule," and "[t]hey are convened only when extraordinary circumstances exist." *United States v. Am.-Foreign S.S. Corp.*, 363 U.S. 685, 689 (1960); *see also* Fed. R. App. P. 35(a) ("An en banc hearing or rehearing is not favored and ordinarily will not be ordered unless: (1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional importance.").[1] For good reason such proceedings are disfavored. As this Court has observed, en

---

[1] *See also* 9th Cir. R. 35-1 ("When the opinion of a panel directly conflicts with an existing opinion by another court of appeals and substantially affects a rule of national application in which there is an overriding need for national uniformity, the existence of such conflict is an appropriate ground for petitioning for rehearing en banc.").

banc review is an "exceedingly time-consuming and inefficient process." *Hart v. Massanari*, 266 F.3d 1155, 1179 (9th Cir. 2001).

These appeals involve no current conflict within this Circuit's precedent. For more than twenty years, and as recently as July 2014, courts within this Circuit have uniformly applied the FCA standing requirement first articulated in *United States ex rel. Wang v. FMC Corp.*, 975 F.2d 1412 (9th Cir. 1992). And despite Appellants' argument to the contrary, no conflict exists between this Circuit's precedent and United States Supreme Court opinions regarding the FCA's jurisdictional standards. Relators' argument that *Rockwell International v. United States*, 549 U.S. 457 (2007) has "abrogated" this Circuit's standing requirements ignores the Supreme Court's subsequent express acknowledgment in *Schindler Elevator Corp. v. United States ex rel. Kirk*, 131 S. Ct. 1885 (2011) that varying Circuit standards continue to prevail. The Supreme Court's rulings in *Rockwell* and *Schindler Elevator*, however, should be presumed to be, and are, in fact, entirely consistent with one another and afford no sound reason for en banc consideration. *Cf. Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 18 (2000) (agreeing with Circuit Courts that read past Supreme Court cases as consistent with one another).

Relators here failed to carry their burden to establish their standing under the *Wang* standard, which they did not challenge before their appeals and which the

District Court properly followed. That standard requires an FCA relator seeking to avoid dismissal under the statute's jurisdictional public disclosure bar to demonstrate, among other things, that she or he had a "hand in the public disclosure." *Wang*, 975 F.2d at 1418. *Rockwell* did not reach the issue of whether a relator must have had a hand in the prior public disclosure and certainly is not "clearly irreconcilable" with this Circuit's standard. Indeed, two years after *Rockwell*, this Circuit expressly acknowledged *Rockwell* and applied the hand-in-the-public-disclosure standard in dismissing would-be relators for jurisdictional failings. *United States ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1201 (9th Cir. 2009). In short, there is no conflict among Ninth Circuit or Supreme Court opinions warranting en banc review.

Nor does this case present a question of "exceptional importance." Relators' question, first raised on appeal, regarding the impact of *Rockwell* on this Circuit's standing requirements is of waning relevance. In light of 2010 amendments to the FCA's public disclosure bar, this Circuit's hand-in-the-public-disclosure standard has no application to cases involving conduct occurring after March 23, 2010. Any decision revisiting the standard would be outdated soon after it was issued.

Certainly these appeals do not present circumstances warranting such an extraordinary review. Relators' complaints are subject to dismissal on multiple grounds not ruled upon previously by the District Court regardless of whether the

hand-in-the-public-disclosure requirement applies. The allegations in their complaints relied upon purloined privileged communications that have already led to the disqualification of Relators' original counsel by this Circuit and will be additional grounds for dismissal if remanded. In light of the significant infirmities in Relators' complaints, there is no reason for this Circuit to expend precious time and resources reviewing a standard that is quickly becoming obsolete.

For all these reasons, en banc review is not warranted here.

## ARGUMENT

## I.  THERE IS NO CONFLICT WARRANTING EN BANC REVIEW IN THIS CASE

The FCA's "public disclosure bar" deprives a court of jurisdiction over any action by a private relator "that is based upon allegations or transactions already disclosed in certain public fora, unless the relator is the original source of the information underlying the action." *A-1 Ambulance Serv., Inc. v. California*, 202 F.3d 1238, 1243 (9th Cir. 2000) (citing 31 U.S.C. § 3730(e)(4)(A)). If a court determines that there has been a prior "public disclosure" of the "allegations or transactions" underlying the *qui tam* suit, the suit is jurisdictionally barred unless the relator establishes that he or she is an "original source within the meaning of § 3730(e)(4)(B)" of the information underlying his or her *qui tam* action. *Meyer*, 565 F.3d at 1199 (citation and internal quotation marks omitted) The pre-2010 version of § 3730(e)(4)(B) applicable here defines "original source" as an

4

individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action which is based on the information. 31 U.S.C. § 3730(e)(4)(B) (1986).

Relators Hartpence and Godecke do not challenge in their appeals the District Court's findings that their complaints were preceded by two public disclosures of the allegations or transactions upon which their *qui tam* claims are based. Rather, for the first time on appeal, they challenge this Circuit's requirements for demonstrating they are "original sources" within the meaning of § 3730(e)(4)(B). (*See* Appellants Br., Dkt. 38 at 11.)

Under this Circuit's unbroken 21-year precedent, to qualify as an original source, a relator must demonstrate that he or she (1) has direct and independent knowledge of the information on which the allegation is based, (2) voluntarily provided that information to the government before filing suit, and (3) had a hand in the public disclosure of allegations that are the bases for the complaint. *Wang*, 975 F.2d at 1417; *Meyer*, 565 F.3d at 1201. This panel is bound to apply the hand-in-the-public-disclosure standard "absent any clearly irreconcilable intervening higher authority." *Ferguson v. Corinthian Colls., Inc.*, 733 F.3d 928, 933 (9th Cir. 2013) (citing *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc)). Contrary to Relators' arguments, there is no "clearly irreconcilable intervening

higher authority" here, and no conflict warranting consideration en banc. *Ferguson*, 733 F.3d at 933.

In *Rockwell*, the Supreme Court analyzed the definition of "original source" contained in § 3730(e)(4), and held that the "information" of which the relator must have direct and independent knowledge to qualify as an original source under § 3730(e)(4)(B), "is the information upon which the relators' allegations are based," rather than the publicly disclosed information referenced in § 3730(e)(4)(A). *Rockwell*, 549 U.S. at 470-71. Relators argue that *Rockwell* "expressly rejected" the hand-in-the-public-disclosure requirement. (Appellants Br. at 11.) *Rockwell*, however, does not speak to whether a relator claiming original source status must have a role in the public disclosure.

This is clear from the Supreme Court's ruling in *Schindler Elevator*, issued four years after *Rockwell*, which explicitly recognized a continuing circuit split regarding a relator's required role in the public disclosure. The Supreme Court observed:

> An 'original source' is 'an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.' § 3730(e)(4)(B). Some Courts of Appeals have narrowly construed the exception to limit 'original sources' to those who were the cause of the public disclosure, while others have been more generous. . . . That question is not before us, and we do not decide it.

*Schindler Elevator*, 131 S. Ct. 1885, 1895 n.8 (2011) (emphasis added). In order to determine that *Rockwell* eliminated the basis for requirements such as this Circuit's hand-in-the-public-disclosure standard, this Court would have to find the *Schindler Elevator* footnote to be either superfluous or in conflict with *Rockwell*. Neither finding would be warranted. "[A] court of appeals should not ignore pertinent statements by the Supreme Court." *United States v. Anchor Mortg. Corp.*, 711 F.3d 745, 750 (7th Cir. 2013) (rejecting argument that footnote in Supreme Court opinion was dictum). The far more logical reading is that *Schindler Elevator* confirms the continued viability of varying Circuit standards, including the *Wang* standard after *Rockwell*. *See United States ex rel. Hoggett v. Univ. of Phoenix*, No. 2:10-cv-02478-MCE-KJ, 2014 WL 3689764, at *9 (E.D. Cal. July 24, 2014) (citing *Schindler Elevator* as "recognizing [a] stricter Ninth Circuit standard" for "purposes of qualifying as an original source").

This interpretation would be consistent with this Circuit's rulings subsequent to *Rockwell*. Two years after *Rockwell*, this Circuit invoked both *Rockwell* and the hand-in-the-public-disclosure requirement in describing the original source standard and affirming dismissal on that basis. *See Meyer*, 565 F.3d at 1201-02. Numerous district courts within this Circuit have likewise enforced the hand-in-the-public-disclosure requirement post-*Rockwell*. *See, e.g.*, *United States ex rel. Hoggett*, 2014 WL 3689764, at *8-9 (citing *Wang*); *United States ex rel. Mateski v.*

*Raytheon Co.*, No. 2:06-cv-3614-ODW (FMOx), 2013 WL 692798, at *4-5 (C.D. Cal. Feb. 26, 2013) (citing *Wang*); *Prather v. AT & T Inc.*, 966 F. Supp. 2d 861, 871 (N.D. Cal. 2013) (citing *Wang*).

As these courts have recognized, *Wang* is consistent with *Rockwell* because *Wang*'s "hand-in-the-public-disclosure" standard was based upon an interpretation of § 3730(e)(4) that is consistent with *Rockwell*'s holding. In *Rockwell*, the Court rejected the reasoning of a number of circuit courts that had concluded that because "[t]he term 'information' in subparagraph (B) must be read in tandem with the term 'information' in subparagraph (A)," a relator must have direct and independent knowledge of the allegations underlying the public-disclosure. 549 U.S. at 471-72.[2] The Ninth Circuit was not among those circuits. Rather, *Wang*

---

[2]  *See, e.g.*, *United States ex rel. Laird v. Lockheed Martin Eng'g & Sci. Servs. Co.*, 336 F.3d 346, 354 (5th Cir. 2003) ("[I]t makes sense that the first element of the 'original source' exception is satisfied if an individual has 'direct and independent knowledge' of the 'information' on which the allegations in the public disclosure are based.") (citation omitted); *United States ex rel. Minn. Ass'n of Nurse Anesthetists v. Allina Health Sys. Corp.*, 276 F.3d 1032, 1048 (8th Cir. 2002); *United States ex rel. Findley v. FPC-Boron Emps.' Club*, 105 F.3d 675, 690 (D.C. Cir. 1997) ("'[T]he allegations' referred to in subparagraph (B) can only mean those allegations publicly disclosed, since those are the only allegations mentioned at all in section 3730(e)(4)."); *United States ex rel. McKenzie v. Bellsouth Telecomms., Inc.*, 123 F.3d 935, 943 (6th Cir. 1997) ("To qualify as an original source, the relator must have direct and independent knowledge of the information on which the publicly disclosed allegations are based."); *United States ex rel. Siller v. Becton Dickinson & Co.*, 21 F.3d 1339, 1352 (4th Cir. 1994) ("[T]he fact that sub-paragraph (B) refers to 'the information *on which the allegations are based*' confirms that the only possible

*(cont'd)*

and other Ninth Circuit precedent explicitly recognized that the direct and independent knowledge requirement relates to the information underlying the relator's <u>allegations</u>, not the information underlying the public disclosure. *See Wang*, 975 F.2d at 1418-19; *see also United States ex rel. Barajas v. Northrup Corp.*, 5 F.3d 407, 411 (9th Cir. 1993).

Relators stress that some courts in other circuits have revisited earlier rulings in light of *Rockwell*. (Appellants Br. at 11-13 (citing *United States ex rel. Davis v. Dist. of Columbia*, 679 F.3d 832, 838 (D.C. Cir. 2012); *United States ex rel. Green v. Serv. Contract Educ. & Training Trust Fund*, 843 F. Supp. 2d 20 (D.D.C. 2012); and *United States ex rel. Assocs. Against Outlier Fraud v. Huron Consulting Grp., Inc.*, 843 F. Supp. 2d 464 (S.D.N.Y. 2012), *aff'd*, 567 F. App'x 44 (2d Cir. 2014)).) But those courts have done so in explicit recognition that the circuit rulings at issue were dependent upon a reading of § 3730(e)(4) determined by *Rockwell* to be incorrect. *See Davis*, 679 F.3d at 838 ("With the wrong 'information' in mind, *Findley*'s argument . . . simply unravels."); *Assocs. Against Outlier Fraud*, 843 F. Supp. 2d at 471 ("Given *Rockwell*'s clear rejection of the textual premise on which *Long Island Lighting* relies . . . *Long Island Lighting*'s third requirement has been

---

*(cont'd from previous page)*

reference of the word 'information' in sub-paragraph (B) is to the information publicly disclosed.") (citation omitted).

abrogated.").[3]  *Wang*, in contrast, is premised on a correct reading of § 3730(e)(4), and thus does not "directly conflict[] with an existing opinion by another court of appeals and substantially affect[ ] a rule of national application."  9th Cir. R. 35-1.

In the end, this Circuit's hand-in-the-public-disclosure requirement does not conflict with subsequent Supreme Court precedent, Ninth Circuit precedent, nor directly with another circuit's precedent.  In these appeals, en banc review is not warranted.

## II.  THIS CASE DOES NOT PRESENT A QUESTION OF "EXCEPTIONAL IMPORTANCE"

En banc review is an "exceedingly time-consuming and inefficient process," which "requires a substantial amount of courts' time and attention—two commodities already in very short supply."  *Hart*, 266 F.3d at 1172, 1179. While no doubt of importance to the Appellants, their appeals do not manifest a matter of exceptional importance to this Court for at least two reasons. First, as noted, this case involves a standard of waning application, which the District Court properly applied to dismiss complaints that suffer from numerous other significant infirmities. Second, the underlying complaints suffer from other significant

---

[3]  Relators also cite *Amphastar Pharmaceuticals Inc. v. Aventis Pharma SA*, No. EDCV–09–0023 MJG, 2012 WL 5512466 (C.D. Cal. Nov. 14, 2012), in which the District Court noted the *Associates Against Outlier Fraud* decision.  *Id.* at *9 n.15.  The *Amphastar* court, however, explicitly did not address the viability of the hand-in-the-public-disclosure requirement, finding the issue moot as the relator in that case had played a role in the public disclosure.  *Id.* at *9.

pleading infirmities which also warrant dismissal and afford a poor vehicle for this Court's consideration en banc. Given these factors, these appeals can hardly to be said to present "a question of exceptional importance" warranting disruptive en banc review. Fed. R. App. P. 35(a)(2).

### A.    The Hand-In-The-Public-Disclosure Requirement Is Obsolescent

The FCA's original source standard was significantly amended in 2010 by the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, § 10104(j)(2), 124 Stat. 119 (2010). As amended, the statute defines an original source as:

> an individual who either (i) prior to a public disclosure under subsection [3730](e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section.

31 U.S.C. § 3730(e)(4)(B) (2010).

The 2010 amendments apply to all cases involving conduct occurring after March 23, 2010. *See, e.g.*, *United States ex rel. Cohen v. City of Palmer, Alaska*, No. 3:11-cv-00199-SLG, 2013 WL 4510772, at *3 (D. Alaska Aug. 26, 2013) ("[D]ivid[ing] its analysis into two parts: one addressing claims based on facts prior to the March 23, 2010 amendments ('pre-2010 claims') that fall under the prior version of the statute, and one addressing claims based on facts subsequent to the March 23, 2010 amendments ('post-2010 claims') and therefore subject to the

current FCA."). This Circuit's hand-in-the-public-disclosure requirement has no application in the post-amendment standard. Accordingly, the question of *Rockwell*'s impact on the *Wang* standard is rapidly becoming moot. Certainly this Circuit's "time and attention—two commodities already in very short supply," *Hart*, 266 F.3d at 1172, would be better spent addressing questions of continuing relevance.

### B. Relators' Complaints Are Subject To Dismissal Regardless Of The Hand-In-The-Public-Disclosure Standard

Under the pre-amendment § 3730(e)(4)(B), to establish his or her standing to proceed with a *qui tam* action in the face of a prior public disclosure, a would-be relator is required to prove (1) "direct and independent knowledge of the information on which [his or her] allegations are based" and (2) that he or she "voluntarily provided the information to the Government before filing" suit. 31 U.S.C. § 3730(e)(4)(B) (1986). The relator "bears the burden" of establishing these prerequisites – and thus the District Court's subject-matter jurisdiction – "by a preponderance of the evidence." *Meyer*, 565 F.3d at 1199.

When a defendant mounts a factual challenge to subject-matter jurisdiction in a motion to dismiss – as Relators' concede KCI did here (*see* Appellants Br. at 16) – the plaintiff must come forth with evidence beyond the complaint sufficient to establish the court's subject matter jurisdiction. *See, e.g.*, *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) ("Once the moving

party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (same). Hartpence and Godecke made no attempt to do so here. In the face of KCI's challenge, they did not "'support[] [their] jurisdictional] allegations [with] competent proof.'" *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1048 (10th Cir. 2004) (citation omitted).

In light of Relators' failure to provide the District Court with *any* evidence regarding *any* of the original source requirements, the District Court properly dismissed their complaints irrespective of the hand-in-the-public-disclosure requirement. Similarly, because the District Court dismissed Relators' complaints on jurisdictional grounds, it did not reach the other arguments for dismissal advanced by KCI. These included failure to plead fraud with particularity under Federal Rule of Civil Procedure 9(b) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). If remanded to the District Court, this case would be subject to dismissal on one or more of these grounds. That any reconsideration of the hand-in-the-public-disclosure standard is unlikely to impact the ultimate outcome of this case weighs heavily against invoking the "exceedingly

time-consuming and inefficient" en banc process in this case. *Hart*, 266 F.3d at 1179.

Finally, there is a significant additional impediment to Relators' complaints that also bears consideration before this Court affords extraordinary en banc consideration. The complaints as filed and later amended by Relators employed attorney-client privileged communications taken from KCI by Relators. This misconduct resulted in the disqualification of Relators' original counsel by both this Circuit and the District Court after the case was dismissed, and will be further grounds for dismissal if the case is remanded. (*See* Dkt. 20.) Certainly no en banc consideration is warranted where such pleading defects and misconduct is present.

## CONCLUSION

For the foregoing reasons, KCI respectfully submits that en banc review is not warranted here.

Dated: October 2, 2014

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ Gregory M. Luce
    Matthew E. Sloan
    Maya P. Florence
    Colin V. Ram

1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
**ATTORNEYS FOR APPELLEES**

14

**STATEMENT OF RELATED CASES**
**(Circuit Rule 28-2.6)**

Pursuant to Ninth Circuit Rule 28-2.6, Appellees Kinetic Concepts, Inc. and KCI USA, Inc. state that *United States ex rel. Steven J. Hartpence v. Kinetic Concepts, Inc.*, No. 12-55396 and *United States ex rel. Geraldine Godecke v. Kinetic Concepts, Inc.*, No. 12-56117 are related cases.

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and Ninth Circuit Rule 32-3 because this brief contains 3,299 words, excluding the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii). The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

Respectfully submitted,

By: /s/ Gregory M. Luce

October 2, 2014

GREGORY M. LUCE
MATTHEW E. SLOAN
MAYA P. FLORENCE
COLIN V. RAM

SKADDEN ARPS SLATE
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
**ATTORNEYS FOR APPELLEES**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on October 2, 2014.

I certify that counsel of record in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: October 2, 2014          By: /s/ Gregory M. Luce